UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL NUMBER 5:25-cr-26-KKC

UNITED STATES OF AMERICA,					PLAINTIFF

V.

MARVELOUS DAVIS,						DEFENDANT

### SENTENCING MEMORANDUM

*Defendant's Position*

Defendant Marvelous Davis is before the Court for sentencing on two counts of an indictment to which he entered a plea of guilty. Those crimes occurred on November 24, 2023. The Defendant admitted his conduct: after a car in which he was riding was pulled over for having excessive tint and following the police officer's observation of the scent of marijuana coming from the vehicle, police officers searched the car, with the cooperation of both this Defendant and the uncharged driver of the vehicle. Law enforcement located a "ghost gun" or a firearm without a serial number. The firearm was located under the passenger seat where Davis was sitting. A search of the defendant's person was conducted, and 41.4 grams of pressed fentanyl pills were recovered.

To this activity, the Defendant entered a plea of guilty on May 30, 2025.

The advisory guidelines for the drug trafficking count in this case are 30-37 months due in part to the fact that Defendant Davis has zero criminal history points. The statutory punishment for the gun count is a mandatory minimum of 60 months.

The Court is well aware of its obligation to craft a sentence sufficient but no greater than necessary to accomplish the goals of sentencing. Defendant asserts that in this case, that sentence should be 60 months.

Mr. Davis has a high school diploma, matriculating from Scott County High School where he ran track and was captain of the lacrosse team. He has worked since the age of 16 for his uncle in landscaping and his work record also includes employment with UPS and Toyota.

Importantly, Mr. Davis has been brutally honest about his drug abuse problem since the date of his arrest and even more crucially, is getting treatment for it now and wants to continue his recovery. He has been enrolled in the medically assisted treatment program the entire time he has been in custody and asks the Court to recommend the Bureau of Prisons' residential drug abuse prevention program, even though it will not benefit him in terms of time to serve. He wants to be sober for his family and himself.

Mr. Davis asks the Court to recommend a facility where he can participate in a welding program; he has a strong interest and goal of working as a shipyard welder.

This is a standard guns and drugs case, but the exceptions are that Mr. Davis has an education, work history, a basis in and the will to conquer his drug abuse issue, and future specific goals. He is young and has zero criminal history points. Although his guideline range is 60 plus 30-37 months, Defendant urgers the Court to recognize that 60 months is sufficient but not greater than necessary to accomplish the goals of sentencing in this case. A sentence of 90-97 months would be simply excessive.

A letter to the Court from Mr. Davis' mother for consideration at sentencing is attached to this Memorandum.

*Response to the Department of Justice Sentencing Memorandum*

Section 6A1.3(a) of the U.S. Sentencing Guidelines establishes that the Court may consider "relevant" information that has a "sufficient indicia of reliability" during sentencing. Due Process requires that each sentencing hearing be "'fundamentally fair'" and that the sentence turn on "'reliable information.'" U.S. v. Alsante, 812 F.3d 544 (6th Cir. 2016) quoting U.S. v. Gatewood, 230 F.3d 186, 191 (6th Cir. 2000).

The sentencing memorandum submitted by the government cites concerns of the Defendant's "possible connections," states that it "appears" that the Defendant took certain actions, alleges that "it seems" the defendant has unsavory connections. One of the examples provided is a YouTube video of a large group of people getting psyched up to compete in the legendary Lexington basketball tournament known as the Dirt Bowl.

As noted American philosopher Norwood Russell Hanson observed: "The theory, hypothesis, framework, or background knowledge held by an investigator can strongly influence what is observed." In other words, crime may, too, be in the eye of the beholder.

The Court has objective standards to apply at sentencing which include a Defendant's criminal history points, base offense level, history and characteristics, need for punishment, as well as the need to protect the public, and need to provide the defendant with adequate treatment and education.

Defendant submits that in considering the reliable and relevant information, the Court should assess a sentence of 60 months which will be sufficient but no greater than necessary to punish the Defendant for the crimes to which he pleaded guilty in this case.

Respectfully submitted,

/s/ Pamela D. Perlman

Pamela D. Perlman
PO Box 22107
Lexington, KY  40522
859 231-7572

CERTIFICATE OF SERVICE

    It is hereby certified that a true and accurate copy of the foregoing motion has been served on all parties of record via ECF this 22th day of August, 2025.

/s/ Pamela D. Perlman

Pamela D. Perlman